UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KAITLIN BROWN,

        Plaintiff,

-v-

HALSTED FINANCIAL SERVICES,
LLC, et al.,

        Defendants.

Case No. 3:12-cv-308

Judge Thomas M. Rose

---

**ENTRY AND ORDER GRANTING IN PART AND DENYING IN PART BROWN'S MOTION FOR DEFAULT JUDGMENT (Doc. #10); AWARDING BROWN $2,125 IN DAMAGES AND TERMINATING THIS CASE**

---

Now before the Court is Plaintiff Kaitlin Brown's ("Brown's") Motion for Default Judgment. (Doc. #10.) Defendant Halsted Financial Services, LLC ("Halsted") was served but has not appeared in this matter.[1] Therefore, Brown's Motion for Default Judgment is ripe for decision.

Brown's Complaint filed on September 14, 2012, alleges that Halsted violated the Fair Debt Collection Practices Act (the "FDCPA") in a variety of ways. (Doc. #1.) Halsted has not answered and Brown has been granted a Clerk's Entry of Default on Halsted. (Doc. #7.) Brown now seeks judgment in the amount of $2,625 pursuant to Fed. R. Civ. P. 55(b).

## Statutory Damages

On a motion for default judgment, allegations of fact in the complaint are taken as true

---

[1] Named Defendant Dennis Mitchell has not been served and is thus not considered a part of this litigation.

unless they are contradictory on the face of the document. *Thomson v. Wooster*, 114 U.S. 104 (1885). Further, a default judgment on well-pleaded allegations establishes only liability and the plaintiff must still establish the extent of the damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)(citing *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich. 1983)).

In this case, Brown alleges that Halsted harassed her and made false and deceptive statements to her in connection with Halsted's attempt to collect a debt from her. The allegations, taken as true for purposes of this Motion for Default Judgment, sufficiently prove that Halsted violated the FDCPA in multiple ways.

Brown seeks statutory damages in the amount of $1,000. She may recover any actual damages resulting from Halsted's violation of the FDCPA and such additional damages as the court may allow not exceeding $1,000. 15 U.S.C. § 1692k(a).

The FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages. *Wright v. Finance Service of Norwalk,* Inc., 22 F.3d 647, 651 (6th Cir. 1994); *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998); *Baker v. G.C. Services Corp.*, 677 F.2d 775, 781 (9th Cir. 1982). When determining the amount of statutory damages in an individual action, the court considers the frequency and persistence of noncompliance, the nature of such noncompliance and the extent to which such noncompliance was intentional. 15 U.S.C. § 1692k(b)(1).

In this case, accepting the factual pleadings as true, Halsted called Brown and failed to identify itself as a debt collector. Halsted also asserted that legal proceedings had been taken against Brown when they had not been. Regarding the frequency and persistence, Brown's Complaint alleges only one call. Regarding the nature of the noncompliance, Halsted's call

violated several provisions of the FDCPA. Finally, although Brown does not plead that Halsted's violations were intentional, the Court can easily assume that they were from the factual assertions.

Based upon Brown's Complaint, Halsted clearly violated the FDCPA. However, according to the pleadings, Halsted made only one call. Yet, the violations made during that call can be assumed to be intentional.

This is a situation warranting an award but not of the maximum statutory amount requested by Brown. Halsted made only one call but intentionally violated several provisions of the FDCPA during that call. Brown is awarded $500 in statutory damages.

## Attorneys' Fees

Brown also seeks an award of attorneys' fees. The FDCPA authorizes an award of reasonable attorneys' fees and this Court uses the lodestar method to determine an award of reasonable attorneys' fees. The lodestar amount is a reasonable hourly rate times a reasonable number of hours worked. *Imwalle v. Reliance Medical Products, Inc.,* 515 F.3d 531, 551 (6th Cir. 2008); *Jordan v. City of Cleveland*, 464 F.3d 584, 602 (6th Cir. 2006). The result is the lodestar amount which is the reasonable fee to which a party is entitled. *Imwalle*, 515 F.3d ast 552.

### Reasonable Hourly Rate

The Court has a broad discretion in determining what constitutes a reasonable hourly rate. *Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997), *abrogated on other grounds*. However, the reasonable hourly rate is generally the prevailing market rate in the relevant community. *Blum v. Stenson,* 465 U.S. 886, 895 (1984). The prevailing market rate is the rate

that lawyers of comparable skill and experience can reasonably expect to command in the venue of the court of record.² *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). Yet, courts may look to other markets, such as a national market, an area of specialization or any other appropriate market for a prevailing market rate. *Louisville Black Police Officers Organization v. City of Louisville*, 700 F.2d 268, 278 (6th Cir. 1983).

The reasonable hourly rate must be adequately compensatory to attract competent counsel yet must avoid producing a windfall for lawyers. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). "In most communities, the marketplace has set a value for the services of attorneys, and the hourly rate charged by an attorney for his or her services will normally reflect the training, background, experience and skill of the individual attorney." *Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624, 638 (6th Cir. 1979). However, the reasonable hourly rate is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation. *Gonter*, 510 F.3d at 618.

In this case, Brown seeks $250 per hour for lawyers and $100 per hour for work performed by paralegals and law clerks. The justification provided by Brown is that these are the customary amounts currently charged by her attorneys, and that the $250 hourly rate is actually below the rate approved by the Sixth Circuit in *Dowling v. Litton Loan Servicing* LP, 320 F. App'x 442, 447 (6th Cir. 2009), an FDCPA case. Absent any argument otherwise and relying

---

² An attorney's customary client billing rate is one reliable indicator of that attorney's prevailing market rate in the applicable venue. *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995).

upon Brown's assertion that these are the rates customarily charged by her attorneys, the Court finds that $250 per hour for lawyers and $100 per hour for paralegals and law clerks are reasonable rates.

### Reasonable Number of Hours

When determining the reasonable number of hours, "the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Wooldridge v. Marlene Industries Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990). In addition, the documentation provided in support of the hours charged must be sufficiently detailed to enable the court to determine, with a high degree of certainty, that such hours were actually and reasonably expended. *Bench Billboard Company v. City of Toledo*, 759 F. Supp.2d 905, 913 (N.D. Ohio 2010)(citing *United Slate Tile and Composition Roofers, Damp and Waterproof Workers Association, Local 307 v. G & M Roofing and Sheet Metal Co., Inc.*, 732 F.2d 495, n.2 (6th Cir. 1984)), *reversed in part on other grounds*.) Where the documentation is inadequate, the court may reduce the award accordingly. *Id.* (citing *Hensley*, 461 U.S. at 433)).

In this case, Brown has provided an invoice from the firm of Kahn & Associates, L.L.C. which details a total of 7.6 hours spent preparing and filing her Complaint, her application for a Clerk's Entry of Default and her Motion for Default Judgment. The Court finds that a reasonable attorney would have believed that these hours needed to be reasonably expended in pursuit of the default judgment now under consideration. The Court also finds that the documentation provided in support of these hours is sufficiently detailed to support a conclusion that these hours were actually and reasonably expended.

### The Lodestar Amount

The lodestar method results in a finding that the rates sought by Brown's counsel and the hours expended by Brown's counsel are reasonable. Therefore, Brown is awarded a total of $1,240 for attorneys' fees.

### Costs

Finally, Brown seeks an award of costs in the amount of $385. The FDCPA authorizes an award of costs. 15 U.S.C. § 1692k(a)(3).

The costs of $385 that Brown seeks includes a filing fee of $350 and office costs totaling $35. The Court finds these costs to be reasonable and compensable pursuant to the FDCPA.

### Conclusion

Brown is awarded statutory damages in the amount of $500, attorneys' fees in the amount of $1,240 and costs in the amount of $385. This amount is less than requested. Thus, Brown's Motion for Default Judgment (doc. #10) is granted in part and denied in part. Brown is granted default judgment and is awarded damages in the amount of $2,125. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio this Twenty-Sixth day of February, 2013.

                                                                          s/Thomas M. Rose
                                                                          _____
                                                                           THOMAS M. ROSE
                                                              UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record